IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CR-207-FL
5:11-CV-771-FL

| | |
|---|---|
| LORENZO RUDY WILDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On 30 December 2011, petitioner Lorenzo Rudy Wilder ("petitioner") filed a petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence (D.E. 30). In response, the government filed, on 2 April 2012, a motion to dismiss (D.E. 35) the petition. The petition and motion to dismiss have been fully briefed[1] and were referred to the undersigned for a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings, on the issues raised relating to the Fourth Circuit's en banc decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). (*See* D.E. dated 28 Mar. 2013). As noted below, the other issues raised in these filings will be addressed separately by the court. For the reasons stated herein, it will be recommended that the government's motion to dismiss the petition be granted with respect to petitioner's claims based on *Simmons* and that these claims be dismissed.

---

[1] In support of his petition, petitioner filed a pro se supporting memorandum (D.E. 30-1). As directed by the court (*see* D.E. 40), counsel for petitioner filed an additional supporting memorandum (D.E. 42) which included a response to the government's motion to dismiss. This memorandum was accompanied by three exhibits: two North Carolina criminal judgments against petitioner (D.E. 42-1), petitioner's records from the North Carolina Department of Corrections (D.E. 42-2), and a copy of an order in a similar § 2255 case in this court (D.E. 42-3). In support of its motion to dismiss, the government filed a memorandum (D.E. 36). Petitioner filed a pro se response (D.E. 37) to the motion to dismiss, and the government filed a reply (D.E. 45).

## BACKGROUND

I. **Petitioner's Conviction**

On 9 July 2009, petitioner was charged in an eight-count indictment with two counts of distribution of a quantity of cocaine base (*i.e.*, crack) (cts. 1, 2), five counts of distribution of five grams or more of crack (cts. 3-5, 7-8), and one count of distribution of 50 grams or more of crack (ct. 6), all in violation of 21 U.S.C. § 841(a)(1). (Indict. (D.E. 1)). On 9 September 2009, pursuant to a written plea agreement (D.E. 17), petitioner pled guilty to count 6 and the remaining counts were dismissed. (*See* Min D.E. 18).

On 7 December 2009, the court sentenced petitioner to a term of 160 months imprisonment and 10 years supervised release. (J. (D.E. 28) 1-3). In determining petitioner's sentence, the court granted the government's motion for downward departure and, without objection from the parties, adopted the findings in the Presentence Report ("PSR"), including the determination that petitioner was a career offender pursuant to *U.S. Sentencing Guidelines Manual* § 4B1.1. (*See* PSR ¶¶ 22, 40).

II. **Petitioner's Claims under *Simmons***

In his petition, petitioner asserts two[2] grounds for correction of his sentence based on the Fourth Circuit's en banc decision in *Simmons*: (1) he does not have a sufficient number of predicate felony offenses to support the career offender enhancement of his sentence because the convictions used to support the enhancement no longer qualify as felonies under *Simmons*

---

[2] Petitioner asserts a third ground for sentence reduction unrelated to *Simmons*—namely, whether he is entitled to a reduction of his sentence based on the United States Sentencing Commission's reduction of the base offense level for crack cocaine cases on 1 November 2011. (Ground Two, Pet. 5 of 13). The issues raised by this claim will be addressed by the court in conjunction with its ruling on petitioner's separate pending motion (D.E. 43) on this claim. Although petitioner indicates in his petition (Pet. 8 of 13) that he asserts a fourth ground for sentence reduction in his supporting memorandum, the memorandum does not, in fact, appear to include an additional ground.

(Ground One, Pet. 4 of 13); and (2) he received ineffective assistance of counsel because his counsel did not raise this issue on his behalf (*see* Ground Three, Pet. 7 of 13 ).[3]

### III. The Government's Motion to Dismiss

In its motion to dismiss, the government seeks dismissal of the petition on the following grounds: (1) the petition is barred by the statute of limitations set forth in 18 U.S.C. § 2255(f); (2) petitioner waived the right to challenge the career offender enhancement in his plea agreement; (3) petitioner's claim under *Simmons* is not cognizable as a claim of actual innocence; and (4) petitioner has failed to state a claim for ineffective assistance of counsel because neither *Simmons* nor the United States Supreme Court case upon which *Simmons* was based, *Carachuri-Rosendo v. Holder*, --- U.S. ---, 130 S. Ct. 2577 (2010), had been decided at the time petitioner was sentenced.

## DISCUSSION

### I. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing § 2255 Proceedings provides that the courts must promptly review § 2255 petitions along with "any attached exhibits, and the record of prior proceedings" to determine if the petitioner is entitled to any relief. *Id*. If the court concludes that the petitioner is not entitled to relief, it must dismiss the petition. *Id*. Otherwise, it must direct the United States Attorney to file a response. *Id*.

---

[3] While Ground One in the petition is devoted entirely to petitioner's initial claim under *Simmons*, Ground Three rests only in part on *Simmons*. Therefore, the dismissal recommended herein encompasses all of Ground One, but only the portion of Ground Three relating to *Simmons*.

3

Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

## II.     Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims under *Simmons* and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

## III.    Petitioner's Claim for Reduction of Sentence under *Simmons*

In its en banc decision in *Simmons*, the Fourth Circuit overruled prior circuit precedent and held that in determining whether to enhance federal sentences based on prior North Carolina convictions, a district court must look not to the maximum sentence that North Carolina courts could have imposed for a hypothetical defendant who was guilty of an aggravated offense or had a prior criminal record, but instead to the maximum sentence that could have been imposed on a person with the defendant's actual level of aggravation and criminal history. *Simmons*, 649 F.3d at 241; *see also United States v. Powell*, 691 F.3d 554, 556 (2012) (discussing *Simmons* holding). The basis for this change in circuit precedent was the United States Supreme Court's decision in *Carachuri-Rosendo v. Holder,* --- U.S. ---, 130 S. Ct. 2577 (2010). It held that when determining what constitutes an aggravated felony for the purposes of the Immigration and Nationality Act, the state offense of record cannot be enhanced by looking at facts outside the offense of conviction to make it an aggravated felony. *Carachuri*, 130 S. Ct. at 2586; *see also United*

*States v. Zambrano*, 437 Fed. Appx. 250, 252 (4th Cir. 2011) (discussing *Carachuri* holding). Approximately one year after the *Simmons* decision, the Fourth Circuit, in *United States v. Powell*, ruled that a convicted defendant could not seek application of *Carachuri* retroactively on collateral review because the rule announced in *Carachuri* was procedural in nature, not substantive. *Powell*, 691 F.3d at 559-60. Procedural rules apply retroactively only when they are "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 560 (quoting *Saffle v. Parks*, 494 U.S. 494, 495 (1990) (internal quotation marks omitted).

While *Powell* did not expressly address the retroactivity of *Simmons* on collateral review, subsequent rulings by the Fourth Circuit indicate that, like *Carachuri*, *Simmons* is not applicable retroactively on collateral review. Indeed, as plainly stated by the Fourth Circuit, "[i]n [*Powell*], this court held that [*Carachuri*] announced a procedural rather than a substantive rule, and therefore is not retroactively applicable to cases on collateral review. Under *Powell,* [*Carachuri*] and *Simmons* do not afford [petitioner] habeas relief." *United States v. Newbold*, 490 Fed. Appx. 614, 615 (4th Cir. 2012); s*ee also United States v. Brown,* No. 12-7713, 2012 WL 6604898, at *1 (4th Cir. 12 Dec. 2012) (unpublished) ("[A]s we have recently explained [in *Powell*], our holding in *Simmons* is not retroactively applicable to cases on collateral review."); *United States v. Wheeler,* No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. 7 Nov. 2012) (unpublished) ("[Petitioner's] claim [under § 2255] for retroactive application of the Supreme Court's opinion in [*Carachuri*], and our opinion in [*Simmons*], fails in light of our recent opinion in [*Powell*]."). Thus, as succinctly stated in one recent decision from the Western District of North Carolina, "[t]he Fourth Circuit has recently and repeatedly said *Simmons* is not retroactive [on collateral review]." *McClain v. United States*, Nos. 3:12-CV-5-RJC, 3:12-CV-82-RJC, 3:08-CR-218-RJC,

2013 WL 639119, at *3 (W.D.N.C. 21 Feb. 2013) (dismissing petitioner's § 2255 petition in which he claimed that, on the basis of *Simmons*, he was actually innocent of being a felon in possession of a firearm even though the government had conceded that the conviction should be vacated and had waived any statute of limitations defense).

Because the holding in *Simmons* does not have retroactive effect on collateral review, petitioner's claims based on *Simmons* fail and they should accordingly be dismissed. Since this determination is dispositive of petitioner's *Simmons*-based claims, the court need not address the other arguments by the parties relating to these claims.

### IV. Petitioner's Claim for Ineffective Assistance of Counsel

Petitioner cannot assert that his counsel was ineffective for not raising a *Simmons* claim at the time of his sentencing because the *Simmons* decision was issued after petitioner's conviction became final. *See United States v. McNamara,* 74 F.3d 514, 516 (4th Cir. 1996) (finding that "failure to anticipate a new rule of law [is] not constitutionally deficient") (citations omitted); *see also Vines v. United States*, Nos. 5:10-CR-48-FL, 5:11-CV-484-FL, 2013 WL 443486, at *3 (E.D.N.C. 5 Feb. 2013) (holding that because neither *Carachuri* nor *Simmons* had been decided at the time of petitioner's plea, counsel was not ineffective for failing to inform petitioner of the debate that led to those decisions); *Cureton v. United States*, Nos. 3:11-cv-486-FDW, 3:07-cr-61-FDW, 2012 WL 4846754, at *3 (W.D.N.C. 11 Oct. 2012) ("Petitioner has no claim that counsel was ineffective for failing to predict that *Harp* would be overruled by *Simmons*."). Accordingly, it will be recommended that petitioner's claim for ineffective assistance of counsel as it relates to his *Simmons* claims also be dismissed.

### CONCLUSION

For the foregoing reasons, it is RECOMMENDED that:

1. The government's motion to dismiss (D.E. 35) the petition herein (D.E. 30) be GRANTED with respect to petitioner's two claims based on *Simmons* (*i.e.*, Ground One in its entirety and the portion of Ground Three based on *Simmons*); and

2. These claims be DISMISSED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 20 May 2013 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 6th day of May 2013.

_____
James E. Gates
United States Magistrate Judge